J-S34022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.  :
  :
  :
  :
BOYD MURRAY WATSON JR.  :
  :
Appellant  :   No. 481 WDA 2024

Appeal from the Judgment of Sentence Entered March 15, 2024
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000818-2021

BEFORE:   DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LANE, J.:      **FILED: November 15, 2024**

Boyd Murray Watson Jr. ("Watson") appeals from the judgment of sentence imposed following his convictions for theft by deception, receiving stolen property, and criminal attempt-theft by deception.[1] We affirm.

In December 2023, a jury convicted Watson of the above-referenced crimes, and on March 15, 2024, the trial court imposed an aggregate sentence of eighteen months to five years' imprisonment. Watson filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Watson raises the following issue for our review:

> Whether the trial court erred in determining[,] following the jury trial held on December 20, 2023[,] that the Commonwealth presented sufficient evidence to establish that [Watson] was guilty

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 3922(a)(1), 3925(a), 901(a).

of the offenses[:] theft by deception[;] . . . receiving stolen property[;] . . . and criminal attempt, theft by deception . . ..

Watson's Brief at 8 (unnecessary capitalization omitted).

Summarily, Watson challenges the sufficiency of the evidence supporting his convictions. Before we may review the merits of his claim, however, we must determine whether he preserved it for our review. If an appellant wishes to preserve a claim that the evidence was insufficient, then the appellant's Rule 1925(b) statement must specify the element or elements of each conviction upon which the evidence was allegedly insufficient. *See Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020); *see also Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (holding that in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient) Where a Rule 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal. *See Bonnett*, 239 A.3d at 1106.

Here, the trial court directed Watson to file a Rule 1925(b) concise statement, and he timely did so. Therein, Watson challenged the sufficiency of the evidence supporting all three of his convictions. However, Watson did not identify the specific element or elements of any of his three convictions which allegedly went unproven at trial. Instead, Watson vaguely asserted for each of his convictions that "the evidence presented was insufficient to support such a finding." Concise Statement, 5/6/24, at unnumbered 2. Such a failure

- 2 -

to specify which element or elements allegedly went unproven is especially significant in the instant case, where a jury convicted Watson of three different crimes, each comprised of multiple elements. *See Bonnett*, 239 A.3d at 1106 (emphasizing that an appellant's failure to specify the element or elements that were allegedly insufficient to support his three convictions was especially significant where the crimes were comprised of multiple elements). Consequently, because Watson did not identify any specific element that was insufficiently supported by evidence at trial, he failed to preserve his sufficiency challenge for our review. *See id*.; *see also Garland*, 63 A.3d at 344. Accordingly, we affirm Watson's judgment of sentence.[2]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/15/2024

---

[2] Although the trial court addressed the merits of Watson's sufficiency claim and determined that the evidence was sufficient to support each of his convictions, this Court may affirm the trial court's order on any valid basis appearing of record. *See Commonwealth v. Clemens*, 66 A.3d 373, 381 n.6 (Pa. Super. 2013).